VINLIS CONSTRUCTION CO., INC., et al., Appellants, v. JOHN J. RORECK, Respondent.— In an action for an accounting, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated June 26, 1958, as granted defendant's motion and directed the plaintiffs, at least five days prior to their further examination of the defendant, to produce all the records of the plaintiff corporation in their possession, for the defendant's inspection as an aid to him in his pending pretrial examination by the plaintiffs pursuant to a prior court order dated February 6, 1958. Order, insofar as appealed from, reversed, without costs, and defendant's motion denied. The pending pretrial examination of the defendant shall proceed on 10 days' written

notice or at such other time and place as may be mutually fixed by written stipulation of the parties. The order dated February 6, 1958, directing defendant to appear for pretrial examination by the plaintiffs, also directed the defendant to produce all records, books and papers relevant to the subject matter of the examination, pursuant to section 296 of the Civil Practice Act. To be subject to discovery and inspection, documents must relate to the merits of the action or defense, and be admissible as evidence themselves (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24, 29; *Faendrick* v. *Allied Aviation Serv. Int. Corp.*, 284 App. Div. 898). The discovery and inspection must be obtained as authorized by statute and rule (cf. *Rubel Corp.* v. *Rosoff*, 251 App. Div. 868 [decided 1937]; *Golding* v. *Golding*, 7 A D 2d 1027; Civ. Prac. Act, § 296, subd. 1; Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 77–78, 189–196; Twenty-first Annual Report of N. Y. Judicial Council, 1955, pp. 163, 165). There is no provision in statute or rule authorizing a party who is being examined before trial to obtain as an aid to him in his examination: (1) a discovery and inspection of records in the possession of the adverse parties conducting the examination; and (2) to require such discovery and inspection to take place before his pretrial examination is resumed. Justice does not require that such preliminary discovery and inspection should be directed (cf. Rules Civ. Prac., rule 141; *Reliable Textile Co.* v. *Elk Dye Works*, 177 Misc. 926). Kleinfeld, Acting P. J., Brennan, Hill and Hopkins, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: I disagree with the statement in the memorandum of the majority that "Justice does not require" that the discovery and inspection here sought by the defendant should be directed. The plaintiffs seek to examine the defendant before trial upon his conduct of a lengthy and involved business operation, that is, the building of 60 one-family houses which required more than a year to complete. The records of this operation were kept by the defendant and, upon the completion of the work, were delivered to the plaintiffs. The records are now in plaintiffs' possession; they constitute the defendant's memoranda of the work concerning which he is to be examined. The defendant now seeks to have these records made available to him for his inspection prior to the resumption of his pending pretrial examination so that he may refresh his memory with respect to the facts before he is called on to answer plaintiffs' questions. In my opinion, justice does require that defendant should be allowed to see the very records which he kept. Particularly is this true in the light of: (a) the detailed data which the performance of this large and long construction work entailed; and (b) the fact that some nine years have elapsed since the work was completed. To say that we do not find the specific situation provided for in the Civil Practice Act or rules, is in effect to denigrate the court's power to control its own procedures when a need for action arises. There is no prohibition to be found either in the statute or in the rules or in the decisions against the exercise of such power. Here the discretion of the Justice at Special Term was wisely exercised and should not be disturbed. Moreover, the reversal now directed by the majority may be converted into a pyrrhic victory for the plaintiffs if the defendant should serve a subpœna duces tecum for the books and make it returnable at the examination before trial.